HaeRis, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court at Jacks-borough, by complainant, for the purpose of enjoining the execution of a writ of possession, issued from the Circuit Court of Anderson county, pursuant to a decree of said Circuit Court, dissolving the bonds of matrimony *250 between respondent and her late husband, John W. Lea, and assigning her the land in controversy as alimony, and ordering that she be put in possession of the same.
The bill charges that the land belonged to respondent previous to her marriage to the said John W. Lea, and that he was tenant by the curtesy, and entitled to an estate for life, in the same, and that on the - day of - — , 1851, complainant purchased said land from him, and took a conveyance for the same, which was previous to the decree rendered in favor of respondent, and prays that she be enjoined from taking possession of the land dui’ing the life of said John W. Lea.
The answer admits the decree for divorce and alimony, the writ of possession, and the purchase of complainant, but avers that the purchase was made by complainant with a full knowledge of respondent’s rights, and for the purpose of defeating her right to alimony, when she should obtain her decree. The cause was heard upon bill and answer, and a decree was rendered in favor of respondent, dissolving the injunction, and ordering an account of rents and profits from the issuance of the writ of possession, with which complainant was charged. After this, and at the same term, there was, by leave of the Court, an amended bill, to which respondent demurred, and the demurrer was allowed by the Chancellor, and the amended bill dismissed; and the complainant has appealed to this Court.
From the view we take of the case, it is unnecessary to notice the allegations in the amended bill, for *251 the decision turns upon the power of the husband to convey the land of his wife, to which he is entitled as tenant by the curtesy, so as to defeat her rights during her life. And we think the act of 10th January, 1850, ch. 36, is conclusive upon the question. By the 1st section of the act it is provided, that when “ any feme covert shall, either before or after marriage, become entitled to any interest in any lands, tenements, heredit-aments, or other real estate whatever, either by gift, devise, descent, or in any other mode, it shall not be lawful, by virtue of any judgment, decree, or execution against the husband of such feme covert, to sell or dispose of his interest in the real estate of the wife; or, by virtue of the judgment, sentence, or decree of any Court in this State, to dispossess or eject the husband and wife from the possession of the real estate of the wife acquired in any manner, either before or after marriage.” The 2d section provides, “that the exemption of the husband’s interest in his wife’s lands, as prescribed in the first section of this act, from sale, shall not extend beyond his wife’s life, nor shall the husband sell the same during his wife’s life-time, without her joining in the conveyance, in the manner prescribed by existing laws, in which femes covert shall convey lands.” As we have seen, the 2d section of this act expressly prohibits the husband from selling the wife’s land during her life. It is therefore clear, that the complainant, by his purchase and deed from the husband, acquired no rights as against the wife, and we affirm the Chancellor’s decree.